| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

WAYNE ROSS MAITLAND, §
 §
      Movant, §
 §
versus §   CIVIL ACTION NO. 1:18-CV-449
 §
UNITED STATES OF AMERICA, §
 §
      Respondent. §

**MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Wayne Ross Maitland, an inmate confined within the Bureau of Prisons, proceeding *pro se*, filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Movant challenges two convictions for kidnapping which resulted in a sentence of 240 months of imprisonment.

The court previously referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge recommending the motion to vacate be denied.

The court has received the Report and Recommendation, along with the record, pleadings, and all available evidence. Movant filed objections. The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

Movant raised these grounds for review in his motion to vacate: (1) the federal kidnapping statute, as applied to him, is unconstitutional; (2) the phrase "for ransom or reward or otherwise" in 18 U.S.C. § 1201(a) is unconstitutionally vague; (3) the jury instructions were unconstitutional;

(4) after movant filed a motion to represent himself, the court improperly failed to hold a hearing pursuant to *Faretta v. California*, 422 U.S. 806 (1975); (5) the government's admission that his conduct would not be a crime under state law precludes a federal conviction based on the conduct; and (6) he received ineffective assistance of counsel because counsel: (a) violated his right to autonomy under *McCoy v. Louisiana*, 584 U.S. 414 (2018), and (b) failed to argue or preserve for appeal the issues raised in his first five grounds for review.

The magistrate judge correctly concluded movant's first five grounds for review were procedurally barred. They could have been raised on direct appeal and movant failed to show cause and prejudice for the failure to raise them.

Movant's first claim of ineffective assistance of counsel relies on the Supreme Court's decision in *McCoy*. In that case, the Supreme Court held that when the objective of a client's defense is to maintain his innocence, his attorney must abide by that objective and not override it by conceding guilt. 584 U.S. at 422. During closing argument, defense counsel acknowledged that during an altercation between movant and his wife, there was a "sequence of events . . . that obviously were domestic violence and then raised to some new level." *United States v. Maitland*, 1:14cr116 (E.D. Tex. July 25, 2016) (#154 at 564-65). In his objections, movant continues to maintain that counsel's statement violated his right to autonomy under *McCoy*. Movant correctly quotes the Supreme Court as stating: "Just as a defendant may steadfastly refuse to plead guilty in the face of overwhelming evidence … so may she insist on maintaining her innocence at the guilt phase of . . . trial." 584 U.S. at 422.

In *McCoy*, the defendant was charged with murder. Defense counsel stated that the defendant had "committed three murders . . . . [H]e's guilty." *Id.* at 417. In contrast, movant

was charged with kidnapping. While counsel acknowledged movant may have engaged in domestic violence, he did not state movant was guilty of kidnapping or imply that he was guilty. As a result, the magistrate judge correctly concluded counsel's statement during closing argument did not violate the holding in *McCoy*.

With respect to movant's remaining claims of ineffective assistance of counsel, the magistrate judge analyzed each of the claims and correctly found that none of the points movant states counsel should have argued or preserved for appeal were meritorious. As a result, movant failed to show that counsel's performance fell below an objective standard of reasonableness or resulted in prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). These grounds for review are therefore without merit.

## ORDER

Accordingly, movant's objections (#33) to the Report and Recommendation are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge (#29) is **ADOPTED**. An appropriate final judgment will be entered.

Furthermore, the court is of the opinion movant is not entitled to a certificate of appealability in this matter. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for issuing a certificate of appealability requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the movant need not establish that he would prevail on the merits. Rather, he must demonstrate

that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the movant has not shown that the issue of whether he is entitled to relief is subject to debate among jurists of reason. The factual and legal questions raised by movant have been consistently resolved adversely to his position and the questions presented are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

SIGNED at Beaumont, Texas, this 27th day of March, 2025.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE